CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

2018 MAR 20  AM 9: 39

DEPUTY CLERK_____

| | | |
|---|---|---|
| JENNIFER MATA,<br>Prison ID # 70165, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil No. 6:17-CV-0051-BL** |
| | § | |
| SAN ANGELO POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

The Court has under consideration this civil action filed pro se by prisoner Jennifer Mata.
On January 8, 2018, the District Judge referred the case for disposition pursuant to 28 U.S.C. §
636(b)(1). *See* Order (doc. 11). On January 16, 2018, the undersigned issued a Magistrate Judge's
Questionnaire ("MJQ") to flesh out the legal and factual bases for this action. *See* MJQ (doc. 12).
On January 30, 2018, Plaintiff filed her Answers to MJQ (doc. 13).[1] Because Plaintiff has not con-
sented to have all further proceedings in this case conducted by a magistrate judge, the undersigned
issues this report and recommendation and directs that this case be reassigned to Senior District
Judge Sam R. Cummings.

### I. BACKGROUND

In November 2017, Plaintiff filed a two-page complaint suing the San Angelo Police Depart-
ment for its alleged role in a November 2016 shooting preceding her arrest. *See* Compl. (doc. 1).
After the Court directed her to file an amended complaint on the Court's standard form, *see* Filing
Fee Deficiency Order (doc. 6), Plaintiff filed an amended complaint suing the San Angelo Police

---

[1]The answers to the questionnaire constitute an amendment to the amended complaint filed in this action. *See Macias
v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Department for excessive force related to the November 2016 incident, *see* Am. Compl. (doc. 7). Her complaint also mentions defamation and false statements or information that occurred on November 11, 2016. *See* Answer to Question 22 of MJQ. Although the questionnaire provided Plaintiff with an opportunity to name a different defendant, Plaintiff continues to sue only the police department. *See* Answer to Question 1 of MJQ.

Plaintiff confirmed that she asserts an excessive force claim that arises from a November 11, 2016 shooting in the parking lot of a deli in San Angelo, Texas, while she was driving her vehicle with passenger George Delacruz. *See* Answer to Question 3 of MJQ. During that incident, Delacruz was fatally shot, but Plaintiff sustained "no physical injury." *See* Answer to Question 11 of MJQ. Plaintiff was arrested on the date of the shooting for "city tickets" and possession of "meth." *See* Answer to Question 13 of MJQ.

## II. PRELIMINARY SCREENING

The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. Her complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(b). Furthermore, as a prisoner seeking relief from a governmental entity her complaint is subject to screening pursuant to § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Both statutes provide for sua sponte dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

2

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the miscon-
> duct alleged. The plausibility standard is not akin to a "probability requirement," but
> it asks for more than a sheer possibility that a defendant has acted unlawfully. Where
> a complaint pleads facts that are "merely consistent with" a defendant's liability, it
> "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). To avoid dismissal for failure to

state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the

elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

In this action, Plaintiff sues only the San Angelo Police Department even though the court's

questionnaire alerted her that such entity appeared to be a non-jural entity that is not subject to suit

and provided her an opportunity to name a different defendant. *See* Question 1 of MJQ. In response,

Plaintiff indicated that she did not want to amend her complaint to substitute a different defendant

for the police department. *See* Answer to Question 1 of MJQ. Consequently, she continues to seek

"recovery from a legal entity that does not exist for [her] purposes." *See Darby v. Pasadena Police

Dep't*, 939 F.2d 311, 314 (5th Cir. 1991). To sue "a servient political agency or department," the

agency or department must enjoy "a separate and distinct legal existence." *Seale v. Dallas Cnty.*,

No. 3:15-CV-3981-L, 2016 WL 3211789, at *2 (N.D. Tex. May 5, 2016) (recommendation of Mag.

J.), *accepted by* 2016 WL 3166792 (N.D. Tex. June 7, 2016). Absent "explicit steps . . . to grant the

servient agency with jural authority" by "the true political entity," a governmental agency or depart-

ment "cannot engage in any litigation except in concert with the government itself." *Darby*, 939

F.2d at 313.

3

Because the police department lacks jural authority, any claims against it must be dismissed as frivolous. As the police department is the only defendant in this case, the Court should dismiss this action entirely. The Court has already afforded Plaintiff an opportunity to amend her complaint.

## III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** this action with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The dismissal of this action will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2] In light of the recommended dismissal, the undersigned directs the Clerk of Court to reassign this case to Senior District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79

---

[2]Section 1915(g), commonly known as the "three-strikes" provision, provides:
  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this** 20th **day of March, 2018.**

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

5